UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND E. CARR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2839** |
| **ED GONZALEZ, CHIEF HARRIS COUNTY SHERIFF'S OFFICE** | **SECTION "H"(4)** |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Raymond E. Carr submitted this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his current detention and criminal prosecution in Harris County, Texas. ECF No. 1, Petition at p. 1. Although he did not pay the filing fee or submit a pauper application, the Court finds that the record is sufficient to establish that Carr has submitted his petition to an improper venue and it must be dismissed for that reason.

Carr indicates that his criminal proceedings are in Harris County, Texas, and he is in the custody of the Harris County Sheriff's Office. Harris County is within the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). The venue language of 28 U.S.C. § 2241(d) provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966), *cert. denied*, 385 U.S. 940, *reh'g denied*, 386 U.S. 930 (1967).

In this case, § 2241 dictates that the Southern District of Texas has jurisdiction over this petition. The language of § 2241(D) permits transfer from one court with jurisdiction to another with jurisdiction in the discretion of the court and for the furtherance of justice. This court, however, lacks subject matter jurisdiction to consider Carr's petition, because he is not incarcerated in this district and he was not charged, convicted, or sentenced within the Eastern District of Louisiana.

Because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Southern District of Texas, where venue and jurisdiction lie. While there is case law authority to support transfer of this case, a literal interpretation of the statute suggests otherwise. The express use of the word "jurisdiction" rather than venue in the statute is compelling. In addition, the statute is clear in the second sentence that a permissible transfer is only from one court *with* jurisdiction to another with jurisdiction. These considerations along with the United States Fifth Circuit's clear holding in *Webb* that the statute is jurisdictional, dictate that this Court should not address the case as the court lacks subject matter jurisdiction. *Accord Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction).

In addition, it is well settled that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must dismiss the action*." Fed. R. Civ. P. 12(h)(3) (emphasis added). For the foregoing reasons, this Court is not a proper venue and lacks jurisdiction over Carr's federal habeas petition and therefore, lacks authority to transfer it to another court. Accordingly,

## ORDER AND RECOMMENDATION

**IT IS THEREFORE ORDERED** that the clerk of court terminate the deficiency assigned to Carr's Petition (ECF. No. 1) for purposes of entering this Report and Recommendation.

**IT IS RECOMMENDED** that Carr's petition for habeas corpus relief under § 2254 be **DISMISSED WITH PREJUDICE** on the basis of improper venue and lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 20th day of November, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.